**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | |
|---|---|
| In re: <br><br> BISON BUILDING COMPANY, LLC, <br><br> Debtor. | Case No. 06-11534-RGM <br> (Chapter 7) |

**MEMORANDUM OPINION**

THIS CASE is before the court on the motion of H. Jason Gold, chapter 7 trustee, to sell certain real property of the estate. The motion was made under §363(b)(1) of the Bankruptcy Code. The motion (Docket Entry 320) recites no fact suggesting that there is any lien or potential lien encumbering the property. Notice of the motion and notice of the hearing were mailed to all creditors. (Docket Entry 321). Union Bank and Trust Company filed a limited objection. (Docket Entry 322). It stated that it may have a pre-petition lien on the property. While it did not object to the sale or the sales price, it did request that the proceeds of the sale be segregated and paid over to it in satisfaction of its lien against the property.

The parties advised the court of the bank's objection at the hearing and stated that the matter had been resolved. An order has now been presented to the court for entry. It provides for the sale of the property for $10,000.00; that the proceeds be split evenly between the trustee and Union Bank; and that the property be sold free and clear of all liens and interest in the property of those parties who were mailed the motion (which did not request this relief).

The requirements of a §363(f) sale and the procedures that a trustee must follow to obtain approval of a §363(f) sale were set out in *In re Takeout Taxi Holdings, Inc.,* 307 B.R. 525 (Bankr.E.D.Va.2004) and *In re Laines*, 352 B.R. 410 (Bankr.E.D.Va.2005). As in *Takeout Taxi* and

1

*Laines*, the trustee in this case (who was also the trustee in those two cases), failed to comply with §363(f), both substantively and procedurally. For example, the motion does not request the relief now sought. No liens or potential liens were identified. No lienholder or potential lienholder was served with the motion.[1] For the reasons stated in *Takeout Taxi* and *Laines*, the property in question may not be sold free and clear of the liens of any party except the bank which consents to the sale.

There is an additional problem. The trustee seeks to compromise a claim but has not sought court approval of the compromise. The compromise is to split the proceeds of the sale evenly between the trustee and the bank, however, no motion was filed requesting this relief. No notice was given to any creditor. The court does not know why the trustee thinks that the compromise is in the best interest of the estate.

If the bank and trustee wish to proceed with a §363(f) sale as to the bank's interest only, the court will approve the sale. However, all of the proceeds must be paid to the trustee; a motion to compromise the claim with the bank must be properly filed, noticed, and heard; and the purchasers must consent. The purchasers must agree to accept the property in its present state, that is, subject to all liens and encumbrances, if any, except that of the bank.

DONE at Alexandria, Virginia, this 21st day of October, 2008.

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

---

[1] There is a difference between giving notice to a party and serving a party. *Cf.* Fed.R.Bankr.P. 2002 and 7004. *See Banks v. Sallie Mae Servicing Corp. (In re Banks),* 299 F.3d 296, 301 (4th Cir.2002); *In re Takeout Taxi Holdings,* 307 B.R. 525, 530 (Bankr.E.D.Va.2004); *In re Boykin,* 246 B.R. 825, 828 (Bankr.E.D.Va.2000).

Copy electronically to:

Darrell W. Clark
Janet M. Meiburger
H. Jason Gold
Alexander M. Laughlin

14646